1998 ME 267

**STATE of Maine**

v.

**Guy E. HUNNEWELL, Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1998.

Decided Dec. 14, 1998.

David W. Crook, District Attorney, Stephanos Orestis, Assistant District Attorney, Augusta, for the State.

Ralph W. Brown, Portland, for the Defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Guy E. Hunnewell, Jr., appeals from the judgment entered in the Superior Court (Kennebec County, *Marden, J.*) following a jury verdict finding him guilty of operating a motor vehicle after his license had been suspended (29-A M.R.S.A. § 2412-A (1996 & Supp 1997)). On appeal, Hunnewell challenges his conviction on the grounds that the notice of suspension he received was inadequate and his constitutional right to due process of law was violated. Finding no violation of due process, we affirm the judgment.

[¶ 2] The facts presented at trial may be summarized as follows: Hunnewell was charged with operating an unregistered vehicle in the fall of 1996 and given a Uniform Summons and Complaint to appear at the District Court (Springvale) on January 6, 1997. Having inadvertently failed to appear in court on that date, in February he wrote to the clerk's office asking how to rectify the situation. The clerk informed Hunnewell in writing that his license was under suspension until he either pled not guilty or pled guilty

and paid the $122 fine. Hunnewell mailed the $122 fine to the court. The clerk then notified the Secretary of State that Hunnewell was eligible to have his license reinstated.

[¶ 3] Hunnewell was stopped by a police officer in Sidney on the evening of February 22, 1997 due to a problem with the lights on his vehicle. Because Hunnewell had not paid the reinstatement fee, his license remained under suspension. The officer informed Hunnewell that his license was under suspension and issued him a Uniform Summons and Complaint for operating a motor vehicle after his license had been suspended. When Hunnewell returned home that evening, he discovered a notice from the Secretary of State in his mailbox informing him that his license had been suspended and would remain suspended until he paid the reinstatement fee.

[¶ 4] On appeal, Hunnewell's principal contention is that he did not have actual notice of the required reinstatement fee at the time that he was cited for operating a motor vehicle after suspension. He contends that the notice he received was statutorily and constitutionally defective. The statute provides:

1. **Offense; penalty.** A person commits a Class E offense if that person operates a motor vehicle on a public way or in a parking area when that person's license has been suspended or revoked, and that person:

A. Has received written notice of a suspension or revocation from the Secretary of State;

B. Has been orally informed of the suspension or revocation by a law enforcement officer;

C. Has actual knowledge of the suspension or revocation;

D. Has been sent written notice in accordance with section 2482 or former Title 29, section 2241, subsection 4; or

E. Has failed to answer or to appear in court pursuant to a notice or order specified in section 2605 or 2608.

29–A M.R.S.A. § 2412–A(1) (1996).

[¶ 5] Hunnewell's license was suspended because of his failure to appear in court pursuant to a summons for the crime of operating an unregistered vehicle, an order specified in section 2605. Therefore, according to the terms of the statute, Hunnewell had failed to appear in court pursuant to subsection (E). None of the forms of notice recited in subsections (A) through (D) are relevant. Although section 2605, referenced in subsection (E), instructs the Secretary of State to forward notice of the suspension and requirements for reinstatement to the individual whose license has been suspended for failing to appear, the receipt of such notice is not an essential element of Hunnewell's conviction for operating after suspension. Although it is unfortunate that the letter from the clerk's office omitted any reference to the reinstatement fee, as a matter of law, the clerk was not required to send Hunnewell any notice of the suspension at all.

[¶ 6] Hunnewell contends that his constitutional right to due process of law was violated by the fundamental unfairness of the circumstances surrounding his conviction. Although a licensee does not have an absolute right to ownership of a license, he or she is entitled to due process when the privilege of holding a driver's license is suspended or revoked. *See State v. Savard,* 659 A.2d 1265, 1267 (Me.1995). In this case, Hunnewell's due process rights were not violated because his own failure to appear initiated the suspension of his license. He was on notice that he was expected to appear in court and answer to a charge on a certain date. Section 2412–A and his failure to appear provided him with sufficient notice that his license would be suspended. Therefore, his due process rights were not violated.

[¶ 7] Hunnewell's remaining contentions are without merit.

The entry is:

Judgment affirmed.